**JANOVE PLLC**
Raphael Janove (SBN 361193)
raphael@janove.law
500 7th Avenue, 8th Fl.
New York, NY 10018
Telephone: (646) 347-3940

**JANOVE PLLC**
Liana Roza Vitale (SBN 348772)
liana@janove.law
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
Telephone: (805) 505-9550

***Attorneys for Plaintiffs and the Proposed Class***

JANOVE PLLC 979 Osos St., Ste. A5 San Luis Obispo, CA 93401 500 7th Ave., 8th Fl. New York, NY 10018 1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

CHERYLL DOUGHERTY, DELIA CAMARGO, and LAWRENCE GARCIA, individually, as private attorneys general, and on behalf of all others similarly situated,

Plaintiffs,

v.

ZYNGA INC.,

Defendant.

Case No. 3:25-cv-04051-SI

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY**

[Filed concurrently with Plaintiffs' Oppositions to Defendant's Motion to Dismiss and Defendant's Motion to Compel Arbitration]

Judge: Hon. Susan Illston
Date: December 19, 2025
Time: 10:00 a.m.
Courtroom: 1

JANOVE PLLC
979 Osos St., Ste. A5 San Luis Obispo, CA 93401
500 7th Ave., 8th Fl. New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl. Philadelphia, PA 19103

Plaintiffs Cheryll Dougherty, Delia Camargo, and Lawrence Garcia ("Plaintiffs") oppose the motion of Defendant Zynga, Inc. ("Zynga" or "Defendant") to stay discovery ("MTS") [D.E. 39], as follows:

As Zynga acknowledges, "the court must take a "preliminary peek" at the merits of the pending dispositive motions to assess whether a stay is warranted." *Singh v. Google, Inc.*, 2016 WL 10807598 at *1 (N.D. Cal. Nov. 4, 2016); MTS at 6. Here, as set forth in Plaintiffs' oppositions to the motion to dismiss and motion to compel arbitration, even a "preliminary peek" shows that Defendant's pending motions are meritless. Therefore, there is no likelihood that the motion to dismiss will be dispositive, nor any reasonable possibility or probability that the Court will compel arbitration under Defendant's unconscionable terms. As noted in Plaintiffs' companion submissions, the motion to compel does not even clearly explain which arbitral forum or rules Defendant intends to apply to each Plaintiff's claim, and Defendant contends that it can continue to impose shifting and retroactive dispute resolution provisions on Plaintiffs at any time.

In the more likely alternative where the case proceeds here, the Court will almost certainly deny the motion to dismiss, for the reasons stated in Plaintiffs' opposition brief. And a decision dismissing one or two causes of action is unlikely to "narrow" the scope of discovery. *Id.* at 2. The majority of Plaintiffs' claims involve similar issues and misstatements by Defendant, so the same discovery will bear on all of them. The only cause of action that is likely to involve any distinct discovery is the Video Privacy Protection Act claim, which the Court will easily conclude from a "preliminary peek" at Plaintiffs' opposition papers is highly unlikely to be dismissed.

Even if some claims did proceed in arbitration in some as yet undetermined arbitral forum, Defendant argues that New Era's latest rules (which Defendant mistakenly suggests will apply to at least some claimants) "clarify[] that parties always have the right to discovery." [D.E. 37] at 20. Therefore, any discovery that occurs here will not be "needless" or cause the parties to "lose the advantages of speed and economy that arbitration" supposedly provides—although Defendant has done everything it can to sabotage Plaintiff Garcia's efforts to resolve his claim swiftly in the "binding individual arbitration" to which the Parties' supposedly agreed. *Id.* at 1. At the very least, beginning discovery now will allow the Parties to finally make some progress towards resolving the

JANOVE PLLC
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
500 7th Ave., 8th Fl.
New York, NY 10018
1617 John F. Kennedy Blvd., 20th Fl.
Philadelphia, PA 19103

merits of Plaintiffs' claims, and it can be used in arbitration in the unlikely event the Court enforces Defendant's unconscionable and ever-shifting dispute resolution provisions.

Defendant argues, apparently unironically, that Plaintiffs "will suffer no prejudice from a stay of discovery" because "if their claims survive they will be able to pursue them and seek discovery at that time in the appropriate forum." MTS at 5. But, according to Defendant, the advantages of any arbitration are "speed and economy." MTS at 1. So the delay caused by staying all discovery when Defendant argues it would provide some discovery in the arbitration proceedings anyway is obviously prejudicial.

Plaintiffs conducted the Rule 26 conference with Defendant on July 30, 2025. Janove Decl. ¶ 9. As reflected in the Parties' subsequent briefing stipulations, the Parties thereafter continued to discuss to try to reach a compromise on partial discovery, which was unsuccessful. *See* ECF Nos. 27, 34. Now that briefing has concluded, it is clear that this case should proceed against Defendants in this Court. Accordingly, the Court should deny the motion to stay discovery. At an absolute minimum, Defendant should be ordered to immediately produce the discovery that it claims will be available in the arbitration proceedings.

Respectfully submitted,

DATED: November 4, 2025

By: /s/ Raphael Janove
Raphael Janove

**JANOVE PLLC**
Raphael Janove (SBN 361193)
raphael@janove.law
500 7th Avenue, 8th Fl.
New York, NY 10018
Telephone: (646) 347-3940

Liana Roza Vitale (SBN 348772)
liana@janove.law
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
Telephone: (805) 505-9550

*Attorneys for Plaintiffs and the Proposed Classes*