William P. Donovan, Jr. (155881)
wdonovan@mwe.com
**MCDERMOTT WILL & SCHULTE LLP**
2049 Century Park East
Suite 3200
Los Angeles, CA 90067-3206
Telephone: +1 310 277 4110
Facsimile: +1 310 277 4730

Attorney for Defendant Zynga, Inc.

*(Additional Signatures Below)*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO**

CHERYLL DOUGHERTY, DELIA CAMARGO, and LAWRENCE GARCIA, individually, as private attorneys general, and on behalf of all others similarly situated,

Plaintiff,

v.

ZYNGA INC.,

Defendant.

Case No. 3:25-cv-04051-SI

**DEFENDANT ZYNGA, INC.'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STAY DISCOVERY**

Judge: Hon. Susan Illston
Date: December 19, 2025
Time: 10:00 a.m.
Courtroom: 1

MCDERMOTT WILL & SCHULTE LLP
ATTORNEYS AT LAW
LOS ANGELES

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

## TABLE OF CONTENTS

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 1

A. Contrary to Plaintiffs' Assertion, a "Preliminary Peek" at the Merits Supports a Stay ........ 1

B. Plaintiffs' Appeal to the "Speed and Economy" of Arbitral Discovery Fails ........ 2

III. CONCLUSION ........ 4

# TABLE OF AUTHORITIES


**Page(s)**

**Cases**

*Hodson v. DirecTV, LLC*,
No. C 12-02827 JSW, 2012 WL 5464615 (N.D. Cal. Nov. 8, 2012) ....................................... 2

*State of Cal. ex rel. Mueller v. Walgreen Corp.*,
175 F.R.D. 638 (N.D. Cal. 1997) ....................................... 2

*In re Nexus 6P Prods. Liab. Litig.*,
No. 17-cv-02185-BLF, 2017 WL 358118 (N.D. Cal. Aug. 18, 2017) ....................................... 2

*Olson v. World Fin. Grp. Ins. Agency, LLC*,
No. 5:24-cv-00477-EJD, 2025 WL 2243646 (N.D. Cal. July 6, 2025) ....................................... 2, 3

*Rutman Wine Co. v. E. & J. Gallo Winery*,
829 F.2d 729 (9th Cir. 1987) ....................................... 2

*Singh v. Google, Inc.*,
No. 16-cv-03734-BLF, 2016 WL 10807598 (N.D. Cal. Nov. 4, 2016) ....................................... 1

**Statutes**

Video Privacy Protection Act ....................................... 2, 3

**Other Authorities**

Fed. R. Civ. P. 9(b) ....................................... 2

Fed. R. Civ. P. 12(b)(6) ....................................... 2


McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

## I. INTRODUCTION

Plaintiffs' Opposition to Zynga's Motion to Stay Discovery ("Opp'n") relies on Plaintiffs' assertion that Zynga's pending Motion to Compel Arbitration or Alternatively Transfer Venue (the "Motion to Compel" or "Mot.") [ECF No. 37] and Motion to Dismiss [ECF No. 38] (collectively, the "Motions") are "meritless." As explained in Defendant's moving and reply papers, Defendant's Motions are strong. Courts also routinely stay discovery where, as here, there is a pending motion to compel arbitration that, if granted, would delegate discovery issues to the arbitrator.

Plaintiffs nonetheless contend that discovery should proceed while the Motions are pending because they have already been deprived of "speed and economy," and "at the very least," they should be entitled to the discovery that will be available in arbitration. This argument disregards that "speed and economy" are advantages of arbitration, from which *Plaintiffs'* counsel previously withdrew. Moreover, if this dispute is arbitrated, the scope of discovery is at the arbitrator's discretion, so it is currently impossible to determine the discovery to which Plaintiffs will be entitled. And if this case remains in this Court, then the scope of discovery will be determined by which, if any, claims survive Zynga's Motion to Dismiss and to what extent. Either way, judicial economy favors a stay.

## II. ARGUMENT

### A. Contrary to Plaintiffs' Assertion, a "Preliminary Peek" at the Merits Supports a Stay

The parties agree that, in determining whether to stay discovery, the Court may take a "preliminary peek" at the merits of the pending dispositive motions to assess whether a stay is warranted. *Singh v. Google, Inc.*, No. 16-cv-03734-BLF, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016); (Mot. at 3); (Opp'n at 1.) Plaintiffs claim that there is "no likelihood" that the Court will compel arbitration or grant Defendant's motion to dismiss in whole or part. (Opp'n at 1.) That is hyperbole.

As discussed in Zynga's Motion to Compel, Plaintiffs knowingly agreed to Take-Two's Terms of Service, which include a clear and enforceable arbitration agreement and mandatory New York forum selection clause. (Mot. at 12-15, 21-22.) Courts routinely stay discovery "pending resolution of a motion to compel arbitration, because if that motion is granted, the arbitrator will have the

authority to determine the nature and the scope of discovery." *Olson v. World Fin. Grp. Ins. Agency, LLC*, No. 5:24-cv-00477-EJD, 2025 WL 2243646, at *1 (N.D. Cal. July 6, 2025) (citing *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, No. 5:16-cv-02805-EJD, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (collecting cases)).

Plaintiffs also do not contend that discovery is necessary to resolve the Motions. *See, e.g.*, *Hodson v. DirecTV, LLC,* No. C 12-02827 JSW, 2012 WL 5464615, at *8 (N.D. Cal. Nov. 8, 2012) ("Plaintiffs' requested discovery would provide no new information that is necessary for the Court to determine the issue of unconscionability."). Instead, Plaintiffs contend that discovery should proceed because the Court "will almost certainly deny" Zynga's Motion to Dismiss. (Opp'n at 1.) But the purpose of Rule 12(b)(6) is to allow courts to test the legal sufficiency of a complaint before subjecting the parties to the expense of discovery. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). This axiom is particularly true where, as here, Plaintiffs have failed to meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b) because "one purpose of Rule 9(b) particularity requirements is to inhibit the filing of a complaint as a pretext for the discovery of unknown wrongs." *State of Cal. ex rel. Mueller v. Walgreen Corp.*, 175 F.R.D. 638, 639 (N.D. Cal. 1997).

Plaintiffs further concede that their Video Privacy Protection Act ("VPPA") claim would involve "distinct discovery." (Opp'n at 1.) Thus, the Court's preliminary review need only confirm that the Motions could dispose of or substantially narrow all claims – including the VPPA claim – before discovery proceeds. *See In re Nexus 6P Prods. Liab. Litig.*, No. 17-cv-02185-BLF, 2017 WL 358118, at *2 (N.D. Cal. Aug. 18, 2017) (granting stay because the "motion to dismiss could be potentially dispositive of [one set of claims], which in turn would limit the scope of discovery"). As there is a substantial likelihood that claims will be dismissed or at least narrowed, discovery should be stayed pending resolution of the Motions.

### B. Plaintiffs' Appeal to the "Speed and Economy" of Arbitral Discovery Fails

Plaintiffs claim they will be prejudiced if discovery does not proceed because "it will finally allow them to make some progress toward resolving the merits of Plaintiffs' claims. . . ." (Opp'n at 1-2.) They further allege that any delay deprives them of the "speed and economy" benefits arbitration

often lends to the discovery process. (*Id.* at 1.) But it was *Plaintiffs'* counsel who withdrew their claims from JAMS arbitration over six months ago after the JAMS administrator referred the matter to a JAMS Process Administrator under JAMS Mass Arbitration Protocol. [ECF 37-10 at 21-25]. Plaintiffs cannot have their cake and eat it too. The benefits of "speed and economy" in arbitration have no bearing on whether Plaintiffs are entitled to discovery in this Court, especially after Plaintiffs voluntarily withdrew from arbitration.

Plaintiffs further contend that "[a]t an absolute minimum, Defendant should be ordered to immediately produce the discovery that it claims will be available in the arbitration proceedings." (Opp'n at 2.) But there is no way of determining what the scope of discovery is, because that will be up to the arbitrator as per the law and the Take-Two Terms of Service that may apply. *See Olson*, 2025 WL 2243646, at *1; Ungberg Decl. Ex. B. § 15.5(6); Ungberg Decl. Ex. C. § 17.5(6).

Indeed, a stay of discovery promotes judicial economy. If Plaintiffs are referred to arbitration, then the arbitrator will decide the scope of discovery. And if this case remains in this Court, then the scope of discovery will be determined by which, if any, claims survive Zygna's Motion to Dismiss and to what extent. For example, if the Court dismisses the alleged false discount claims but does not dismiss the VPPA claim, then discovery only as to the VPPA claim will proceed. Conversely, if the Court dismisses the VPPA claim but does not dismiss the alleged false discount claims, then discovery will proceed as to the latter claims. Thus, a stay would prevent the parties from incurring the burden and expense of needless discovery. A stay would also prevent the Court from having to rule needlessly on discovery issues that are properly before another forum or have been rendered moot.

McDermott Will & Schulte LLP
Attorneys At Law
Los Angeles

## III. CONCLUSION

For the foregoing reasons, the Court should stay discovery until it decides the Motions.

Dated: November 25, 2025

Respectfully submitted,

*/s/ William P. Donovan, Jr.*

William P. Donovan, Jr. (SBN 155881)
McDERMOTT WILL & SCHULTE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
Tel: (310) 277-4111
Fax: (310) 277-4730
wdonovan@mwe.com

Andrew B. Kratenstein (*pro hac vice*)
Chris Combs (*pro hac vice*)
McDERMOTT WILL & SCHULTE LLP
1 Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 547-5400
Fax: (212) 547-5444
akratenstein@mwe.com
ccombs@mwe.com

Emilie E. O'Toole (*pro hac vice*)
McDERMOTT WILL & SCHULTE LLP
444 West Lake Street
Suite 4000
Chicago, IL 60606
Telephone: (312) 372-2000
Fax: (312) 984-7700
eotoole@mwe.com

*Counsel for Defendant Zynga, Inc.*