UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERYLL DOUGHERTY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ZYNGA INC., <br><br> Defendant. | Case No. 25-cv-04051-SI <br><br> **ORDER FOR SUPPLEMENTAL BRIEFING AND VACATING HEARING** |

Now pending before the Court are multiple motions by defendant Zynga, Inc. in this proposed class action case alleging violations of California consumer law and the federal Video Privacy Protection Act. The Court advises the parties that it is inclined to grant defendant's motion to transfer venue to the Southern District of New York, in light of the forum selection clause contained in the Take-Two Terms of Service applicable to plaintiffs' claims. However, the Court finds supplemental briefing from plaintiffs would be helpful. Plaintiffs' opposition to the motion to compel arbitration or, alternatively, transfer venue focuses almost entirely on the arbitration agreement and devotes only one page to venue question. *See* Dkt. No. 41. As the ones "seeking to avoid a forum selection clause," plaintiffs "bear[] a 'heavy burden' to establish a ground upon which [the Court] will conclude the clause is unenforceable." *See Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972)). Accordingly, plaintiffs are **ORDERED** to file a supplemental brief—not to exceed five pages in length—addressing whether "extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *See Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct.*, 571 U.S. 49, 52 (2013)). **Plaintiffs' brief is due no later than January 12, 2026.**

The hearing set for January 9, 2026 is **VACATED**. The Court will advise the parties at a

1    later date if it determines that oral argument is needed.

3    **IT IS SO ORDERED**.

4    Dated: December 30, 2025

_____
SUSAN ILLSTON
United States District Judge